14-1168-cv
*Christina v. Colvin*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fifteen.

Present:
        BARRINGTON D. PARKER,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

SHERIE LYNN CHRISTINA,

        *Plaintiff-Appellant*,

        v.                                No. 14-1168-cv

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

| | |
|---|---|
| For Plaintiff-Appellant: | KENNETH R. HILLER, Amherst, NY. |
| For Defendant-Appellee: | SIXTINA FERNANDEZ and STEPHEN P. CONTE (on the brief), *for* WILLIAM J. HOCHUL, JR., United States Attorney, Western District of New York, Syracuse, NY. |

_____

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Sherie Lynn Christina appeals from an order of the United States District Court for the Western District of New York, affirming the Commissioner's decision to deny Christina's application for supplemental social security income. We assume the parties' familiarity with the underlying facts, the procedural history, and the legal issues presented by this appeal.

"When a district court has reviewed a determination of the Commissioner, we review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (internal quotation marks and alteration omitted). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citations omitted).

Upon such review, we find that substantial evidence supports the Commissioner's decision for substantially the same reasons set forth in the district court's thorough and well-reasoned order. *See Christina v. Colvin*, No. 12-963, 2014 WL 1279035 (W.D.N.Y. Mar. 27, 2014).

We reject Christina's contention that the administrative law judge ("ALJ") committed reversible error by dismissing a portion of the opinion of consultative examiner, Dr. Rush,

2

indicating that Dr. Rush thought Christina might have difficulty adhering to a work schedule or production norms on a consistent basis and by failing to discuss explicitly portions of the treatment notes of the state-agency psychologist, Dr. Kyle, indicating that Christina's allegations of depression, anxiety, and panic attacks were supported by the record. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."). The ALJ's determination of Christina's mental Residual Functional Capacity ("RFC") is consistent with, and supported by much of Dr. Rush's report, in which he opined that Christina was able to understand, remember and carry out simple, as well as complex instructions, get along with the public and co-workers and sustain focused attention, allowing her to timely complete assigned tasks. The ALJ discussed Dr. Kyle's opinion that Christina "would require periodic supervision to sustain an ordinary routine, would have periodic deficits in concentration and attention, and would require additional time and support to adapt to changes in the work setting." Joint App'x at 16. The ALJ also addressed these findings in his RFC determination, and credited Dr. Kyle's opinion that Christina's limitations were not substantial. Both Dr. Rush and Dr. Kyle's opinions, therefore, provide additional support for the ALJ's determination. *See* 20 C.F.R. § 416.927(e)(2)(i) ("State agency medical and psychological consultants . . . are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . .").

We have considered Christina's remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED.**


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4